IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

QUALITY MANAGEMENT AND
CONSULTING SERVICES, INC.,

        Plaintiff,

v.

SAR ORLAND FOOD INC., SAR
MARKETPLACE FOOD INC. and JOHN
DOES 1-10,

        Defendants.

No.

JURY DEMAND

## NOTICE OF REMOVAL

Defendants SAR Orland Food Inc. and SAR Marketplace Food Inc. ("Defendants"), by and through their attorneys, and pursuant to 28 U.S.C. §§ 1441, 1446, 1453, and 1367, hereby remove this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. In support of their Notice of Removal, Defendants state the following:

·   1.     This action was commenced on or about August 17, 2011, when Plaintiff, Quality Management and Consulting Services, Inc. ("Plaintiff"), filed a putative Class Action Complaint ("Class Action Complaint") in the Circuit Court of Cook County, Illinois, County Department, Chancery Division under court number 2011-CH-29093. Copies of the Service of Process, Summons, and Complaint served upon each of the Defendants are attached hereto as Group Exhibits A and B, respectively.

     2.     In its Class Action Complaint, Plaintiff alleges that Defendants sent to it an "unsolicited fax advertisement" in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

(Complaint, ¶¶ 27 and 50, respectively.) Plaintiff also alleges that the sending of the facsimile constituted "conversion" under Illinois common law. (*Id.*, ¶ 37.) Plaintiff's Class Action Complaint seeks actual and statutory damages on behalf of Plaintiff and all other similarly situated persons. (*Id.*, ¶¶ 5, 20.)

3.     Defendants were served with Plaintiff's Complaint and Summons on August 30, 2011.

4.     This action may be removed to this Court because federal question jurisdiction exists over this dispute pursuant to 28 U.S.C. § 1331.

5.     Because Plaintiff's alleged claim under the TCPA arises under federal law, this action could have been brought in the United States District Court pursuant to 28 U.S.C. § 1331. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005) ("[R]emoval [of a putative TCPA class action] is authorized not only by the Class Action Fairness Act but also by § 1441, because the claim arises under federal law."); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, No. 06-C-0949, 2006 WL 1132386, *3 (N.D. Ill. April 19, 2006) (Kocoras, C.J.).

6.     This Court has supplemental jurisdiction over Plaintiff's ICFA and common law conversion claims under 28 U.S.C. § 1367(a) because the claims in this case arise out of the same case or controversy.

7.     This Notice of Removal is timely in that it is filed within 30 days from the date Defendants received a copy of the Summons and Complaint. 28 U.S.C. § 1446(b); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (holding that removal period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons…").

CHICAGO/#2235816.2

8.     Defendants will give written notice of the filing of this Notice and a copy of this Notice will be filed with the Clerk of the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants, SAR Orland Food Inc. and SAR Marketplace Food Inc., hereby remove this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated:  September 27, 2011

Respectfully submitted,

SAR ORLAND FOOD INC. and SAR MARKETPLACE FOOD INC.

By:  s/ Brian W. Ledebuhr
　　　　　　　　One of Their Attorneys

Thomas P. Cimino, Jr., Esq.
Brian W. Ledebuhr, Esq.
VEDDER PRICE P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
Telephone:  312/609-7500
Facsimile:  312/609-5005

- 3 -

# **Exhibit A**

| 2120 – Served | 2121 – Served | |
|---|---|---|
| 2220 – Not Served | 2221 – Not Served | |
| 2320 – Served By Mail | 2321 – Served By Mail | |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT,   CHANCERY   DIVISION

QUALITY MANAGEMENT AND CONSULTING SERVICES, INC.

**(Name all parties)**

v.

SAR ORLAND FOOD INC., SAR MARKETPLACE FOOD INC.

No. 2011CH29093
CALENDAR/ROOM 02
TIME 00:00
Class Action

Serve:  United Corporate Services, Inc.,

Registered Agent of Defendants

1 W. Old Capitol Plz #805 Springfield IL

## ⦿SUMMONS ⚪ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- ⦿ Richard J. Daley Center, 50 W. Washington, Room __802__, Chicago, Illinois 60602

- ⚪ District 2 - Skokie
  5600 Old Orchard Rd.
  Skokie, IL 60077

- ⚪ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- ⚪ District 4 - Maywood
  1500 Maybrook Ave.
  Maywood, IL 60153

- ⚪ District 5 - Bridgeview
  10220 S. 76th Ave.
  Bridgeview, IL 60455

- ⚪ District 6 - Markham
  16501 S. Kedzie Pkwy.
  Markham, IL 60428

- ⚪ Child Support
  28 North Clark St., Room 200
  Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 51306

Name: Brian J. Wanca / Anderson + Wanca

Atty. for: Plaintiff

Address: 3701 Algonquin Road, Suite 760

City/State/Zip: Rolling Meadows, IL 60008

Telephone: 847/368-1500

WITNESS, _____,

AUG 17 2011

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)   (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

QUALITY MANAGEMENT AND CONSULTING    )   2011CH29093
SERVICES, INC., individually and as the         )   CALENDAR/ROOM 02
representative of a class of similarly-situated persons,  )   TIME 00:00
                                    )   Class Action
              Plaintiff,         )
                                      )   Case No.:
       v.                               )
                                      )
SAR ORLAND FOOD INC., SAR MARKETPLACE    )
FOOD INC., and JOHN DOES 1-10,         )
                                      )
             Defendants.      )

## CLASS ACTION COMPLAINT

Plaintiff, QUALITY MANAGEMENT AND CONSULTING SERVICES, INC.

("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through

its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which

allegations are based upon personal knowledge, alleges the following upon information and

belief against Defendants, SAR ORLAND FOOD INC., SAR MARKETPLACE FOOD INC.,

and JOHN DOES 1-10 ("Defendants"):

## PRELIMINARY STATEMENT

1.     This case challenges Defendants' practice of faxing unsolicited advertisements.

2.     The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a

person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission. The TCPA provides a private right of action and provides

statutory damages of $500 per violation.

3.     Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its

fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that

would have been spent on something else. A junk fax interrupts the recipient's privacy.

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.      Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants has transacted business and committed tortious acts related to the matters complained of herein.

7.      Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Cook County, Illinois.

8.      Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.      Plaintiff, QUALITY MANAGEMENT AND CONSULTING SERVICES, INC., is an Illinois corporation with its principal place of business in Cook County, Illinois.

10.     On information and belief, Defendants, SAR ORLAND FOOD INC. and SAR MARKETPLACE FOOD INC, are Illinois corporations that own and operate the Sarku Japan

2

restaurant in Schaumburg, Illinois. John Does 1-10 will be identified in discovery but are not presently known.

## FACTS

11.     On or about June 20-21, 2011, July 11, 2011 and July 17, 2011, Defendants transmitted by telephone facsimile machine three facsimiles to Plaintiff. Copies of the three facsimiles are attached hereto as Exhibit A.

12.     Defendants created or made Exhibit A which is a good or product which Defendants distributed to Plaintiff and the other members of the class.

13.     Exhibit A is a part of Defendants' work or operations to market Defendants' goods or services which was performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

14.     Plaintiff had not invited or given permission to Defendants to send faxes.

15.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

16.     On information and belief, Defendants faxed the same or similar unsolicited facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

17.     Defendants' facsimiles did not display a proper opt out notice as required by 64 C.F.R. 1200.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

18.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

3

19.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain prior express permission or invitation to send those faxes, (4) with whom Defendants did not have an established business relationship, and (5) which did not display a proper opt out notice.

20.     A class action is warranted because:

(a)     On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)     Whether Defendants sent unsolicited fax advertisements;

(ii)     Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

(iii)     The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)     Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)     Whether Defendants violated the provisions of 47 USC § 227;

(vi)     Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)    Whether Defendants should be enjoined from faxing advertisements in the future;

(viii)   Whether the Court should award trebled damages; and

(ix)    Whether Exhibit A and Defendants' other advertisements displayed a proper opt out notice as required by 64 C.F.R. 1200.

21.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

22.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

23.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

24.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

25.    The TCPA provides:

      3.    <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

           (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

> (B)   An action to recover for actual monetary
> loss from such a violation, or to receive $500 in damages
> for each such violation, whichever is greater, or
>
> (C)   Both such actions.

26.   The Court, in its discretion, can treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

27.   Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission and by not displaying a proper opt out notice as required by 64 C.F.R. 1200.

28.   The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

29.   Defendants knew or should have known that: Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, that Plaintiff and the other class members did not have an established business relationship with Defendants, that Exhibit A and the other advertisements Defendants sent were advertisements, and that Exhibit A and the other advertisements Defendants sent did not display the proper opt out notice as required by 64 C.F.R. 1200.

30.   Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes.  Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' unauthorized faxes.  That time otherwise would have been

spent on Plaintiff's business activities. Defendants' unauthorized faxes interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and other class members from the sending of Exhibit A occurred outside Defendants' premises.

31.     Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, QUALITY MANAGEMENT AND CONSULTING SERVICES, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, SAR ORLAND FOOD INC., SAR MARKETPLACE FOOD INC, and JOHN DOES 1-10, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award $500.00 in damages for each violation of the TCPA;

C.     That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D.     That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

<u>COUNT II</u>
<u>CONVERSION</u>

7

32. Plaintiff incorporates paragraph 3 and paragraphs 6 through 16 as and for its paragraph 32.

33. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who on or after a date five years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants.

34. A class action is proper in that:

(a) On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i) Whether Defendants engaged in a pattern of sending unsolicited faxes;

(ii) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes; and

(iii) Whether Defendants committed the tort of conversion.

35. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving improper business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

36. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

37. By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

38. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

39. By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

40. Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

41. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited faxes from Defendants.

42. Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' unauthorized faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

43. Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machine for Defendants'

unauthorized purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unauthorized faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, QUALITY MANAGEMENT AND CONSULTING SERVICES, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, SAR ORLAND FOOD INC., SAR MARKETPLACE FOOD INC, and JOHN DOES 1-10, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.     That the Court award appropriate damages;

C.     That the Court award costs of suit; and

D.     Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

44.     Plaintiff incorporates paragraph 3 and paragraphs 6 through 16 as and for its paragraph 44.

45.     In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, brings Count III for Defendants' unfair practice of sending unsolicited and unauthorized faxes:

> All persons in Illinois who on or after a date three years prior to the
> filing of this action, were sent telephone facsimile messages by or
> on behalf of Defendants.

46.    A class action is proper in that:

(a)    On information and belief, the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)    Whether Defendants engaged in a pattern of sending unsolicited faxes;

(ii)    The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes;

(iii)    Whether Defendants' practice of sending unsolicited faxes violates Illinois public policy;

(iv)    Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act;

(v)    Whether Defendants should be enjoined from sending unsolicited faxes in the future.

47.    Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff has retained counsel who are experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

48.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

49. Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' messages.

50. Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

51. Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink; use of their facsimile machines, and use of their employees' time.

52. Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machine for Defendants' unauthorized purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unauthorized faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, QUALITY MANAGEMENT AND CONSULTING SERVICES, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, SAR ORLAND FOOD INC., SAR MARKETPLACE FOOD INC, and JOHN DOES 1-10, jointly and severally, as follows:

A.  That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.  That the Court award damages to Plaintiff and the other class members;

C.  That the Court award attorney fees and costs;

D.  That the Court enter an injunction prohibiting Defendants from sending unsolicited faxes to Illinois consumers; and

E.  Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

QUALITY MANAGEMENT AND CONSULTING SERVICES, INC., individually and as the representative of a class of similarly-situated persons

By: _____
One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Firm I.D. No.: 51306

Phillip A. Bock
BOCK & HATCH, LLC
134 N. La Salle St., Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500
Firm I.D. No.: 44533

**EXHIBIT A**

## Photocopies Welcome - Share These Fax Coupons
## with Co – Workers, Friends and Family

**Sarku JAPAN ®**  FRESH HAPPENS HERE! 

### 1408 East Golf Rd. Schaumberg
In Woodfield Village Green

### PH: 847-995-0605

**Eat - In Take - Out**

**HOURS**
Mon - Fri 10:30am - 9pm
Sat 11am - 9pm
Sun 11am - 8pm

### For our FULL MENU go to sarkujapan.com

| | |
|---|---|
| **CHICKEN TERIYAKI** | 5.69 |

Served with mixed vegetables and choice of white, brown rice or noodles
Add Sautéed Shrimp 1.50

| | |
|---|---|
| **BEEF TERIYAKI** | 6.09 |

Served with mixed vegetables and choice of white, brown rice or noodles
Add Sautéed Shrimp 1.50

| | |
|---|---|
| **SHRIMP TERIYAKI** | 6.69 |

Served with mixed vegetables and choice of white, brown rice or noodles

| | |
|---|---|
| **VEGETARIAN TOFU TERIYAKI** | 5.29 |

Served with mixed vegetables and choice of white, brown rice or noodles

| | |
|---|---|
| **SHRIMP & VEGGIE TEMPURA** | 6.69 |

Served with mixed vegetables and choice of white, brown rice or noodles

### SUSHI ROLLS

| | |
|---|---|
| California Roll | 3.99 |
| Chicken Teriyaki Roll | 3.99 |
| Avocado & Cucumber Roll | 3.99 |
| Salmon Roll | 3.99 |
| Tuna Roll | 4.49 |
| Philadelphia Roll | 4.49 |
| Spicy Tuna Roll | 4.49 |
| BBQ Eel Roll | 4.49 |

### SUSHI SPECIALTIES

| | |
|---|---|
| Rainbow Roll | 7.99 |
| Spicy Shrimp Tempura Roll | 7.99 |
| Volcano Roll | 7.99 |
| Green Dragon Roll | 7.99 |
| Spider Roll | 7.99 |



**2 for 1**
**California Roll Special**
With Fax Coupon Only
Exp. 07/31/10

**Free Chicken Teriyaki**
with the purchase of a medium drink
11am - noon, Tuesdays only
With Fax Coupon Only
Exp. 07/31/10

**$3.99**
**Chicken Teriyaki Special** With the purchase of any Coca Cola Product
Woodfield Village Green Location Only
With Fax Coupon Only
Exp. 07/31/10

Your Fax Number was obtained from a person in your company and/or from a public source (eg. phone book, web site, ad) in accordance with current FCC Guidelines stated in the Junk Fax Prevention Act of 2005. If you would like to be Deleted from our Fax List, Email the Number to be Deleted to removemynumberin30@gmail.com or Call 954-720-7687 or Fax 954-450-2050. Sender is required to honor opt out requests within 30 days To FAX Your Flyer, Coupons or Specials to Local Businesses Call 954-649-9932 or 954-471-8762

Front owner To: Fax#8473587448

# *Photocopies Welcome - Share These Fax Coupons*
## with Co – Workers, Friends and Family

## *Sarku* JAPAN ®  FRESH HAPPENS HERE! 

**1408 East Golf Rd. Schaumberg**
In Woodfield Village Green

## PH: 847-995-0605

**Eat - In**
**Take - Out**

### HOURS
Mon - Fri 10:30am - 9pm
Sat 11am - 9pm
Sun 11am - 8pm

For our FULL MENU go to **sarkujapan.com**

---

| | |
|---|---|
| **CHICKEN TERIYAKI** | 5.69 |
| Served with mixed vegetables and choice of white, brown rice or noodles | |
| Add Sautéed Shrimp 1.50 | |
| **BEEF TERIYAKI** | 6.09 |
| Served with mixed vegetables and choice of white, brown rice or noodles | |
| Add Sautéed Shrimp 1.50 | |
| **SHRIMP TERIYAKI** | 6.69 |
| Served with mixed vegetables and choice of white, brown rice or noodles | |
| **VEGETARIAN TOFU TERIYAKI** | 5.29 |
| Served with mixed vegetables and choice of white, brown rice or noodles | |
| **SHRIMP & VEGGIE TEMPURA** | 6.69 |
| Served with mixed vegetables and choice of white, brown rice or noodles | |

### SUSHI ROLLS

| | |
|---|---|
| California Roll | 3.99 |
| Chicken Teriyaki Roll | 3.99 |
| Avocado & Cucumber Roll | 3.99 |
| Salmon Roll | 3.99 |
| Tuna Roll | 4.49 |
| Philadelphia Roll | 4.49 |
| Spicy Tuna Roll | 4.49 |
| BBQ Eel Roll | 4.49 |

### SUSHI SPECIALTIES

| | |
|---|---|
| Rainbow Roll | 7.99 |
| Spicy Shrimp Tempura Roll | 7.99 |
| Volcano Roll | 7.99 |
| Green Dragon Roll | 7.99 |
| Spider Roll | 7.99 |

---

## 2 for 1
California Roll
Special
With Fax Coupon Only
Exp. 07/31/11

## Free Chicken Teriyaki
with the purchase of a medium drink
11am - noon, Tuesdays only
With Fax Coupon Only
Exp. 07/31/11

## $3.99
Chicken Teriyaki
Special With the purchase of any Coca Cola Product
Woodfield Village Green location Only
With Fax Coupon Only
Exp. 07/31/11

Your Fax Number was obtained from a person in your company and/or from a public source (eg. phone book, web site, ad) in accordance with current FCC Guidelines stated in the Junk Fax Prevention Act of 2005. If you would like to be Deleted from our Fax List, Email the Number to be Deleted to **removemynumberjn30@gmail.com** or Call 954-720-7687 or Fax 954-450-2050. Sender is required to honor opt out requests within 30 days. To FAX Your Flyer, Coupons or Specials to Local Businesses Call 954-649-9932 or 954-471-8762

## Photocopies Welcome - Share These Fax Coupons
## with Co – Workers, Friends and Family

# *Sarku* JAPAN ®
### FRESH HAPPENS HERE!


## 1408 East Golf Rd. Schaumberg
In Woodfield Village Green

## PH: 847-995-0605

**Eat - In**
**Take - Out**

### HOURS
Mon - Fri 10:30am - 9pm
Sat 11am - 9pm
Sun 11am - 8pm

## For our FULL MENU go to sarkujapan.com

---

**CHICKEN TERIYAKI** — 5.69
Served with mixed vegetables and choice of white, brown rice or noodles
Add Sautéed Shrimp 1.50

**BEEF TERIYAKI** — 6.09
Served with mixed vegetables and choice of white, brown rice or noodles
Add Sautéed Shrimp 1.50

**SHRIMP TERIYAKI** — 6.69
Served with mixed vegetables and choice of white, brown rice or noodles

**VEGETARIAN TOFU TERIYAKI** — 5.29
Served with mixed vegetables and choice of white, brown rice or noodles

**SHRIMP & VEGGIE TEMPURA** — 6.69
Served with mixed vegetables and choice of white, brown rice or noodles

### SUSHI ROLLS

| | |
|---|---|
| California Roll | 3.99 |
| Chicken Teriyaki Roll | 3.99 |
| Avocado & Cucumber Roll | 3.99 |
| Salmon Roll | 3.99 |
| Tuna Roll | 4.49 |
| Philadelphia Roll | 4.49 |
| Spicy Tuna Roll | 4.49 |
| BBQ Eel Roll | 4.49 |

### SUSHI SPECIALTIES

| | |
|---|---|
| Rainbow Roll | 7.99 |
| Spicy Shrimp Tempura Roll | 7.99 |
| Volcano Roll | 7.99 |
| Green Dragon Roll | 7.99 |
| Spider Roll | 7.99 |

---



**2 for 1**
California Roll Special
With Fax Coupon Only
Exp. 07/31/11

**Free Chicken Teriyaki**
with the purchase of a medium drink
11am – noon, Tuesdays only.
With Fax Coupon Only
Exp. 07/31/11

**$3.99**
Chicken Teriyaki Special
With the purchase of any Coca Cola Product
Woodfield Village Green location only
With Fax Coupon Only
Exp. 07/31/11

---

Your Fax Number was obtained from a person in your company and/or from a public source (eg. phone book, web site, ad) in accordance with current FCC Guidelines stated in the Junk Fax Prevention Act of 2005. If you would like to be Deleted from our Fax List, Email the Number to be Deleted to removemynumberin30@gmail.com or Call 954-720-7687 or Fax 954-450-2050. Sender is required to honor opt out requests within 30 days To FAX Your Flyer, Coupons or Specials to Local Businesses Call 954-649-9932 or 954-471-8762

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

QUALITY MANAGEMENT AND CONSULTING          )
SERVICES, INC., individually and as the              )          2011CH29093
representative of a class of similarly-situated persons,  )          CALENDAR/ROOM 02
                                                                             )          TIME 00:00
                                              Plaintiff,                     )          Class Action
                                                                             )
                                                                             )          Case No.:
                    v.                                                      )
                                                                             )
SAR ORLAND FOOD INC., SAR MARKETPLACE        )
FOOD INC., and JOHN DOES 1-10,                        )
                                                                             )
                                              Defendants.             )

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, QUALITY MANAGEMENT AND CONSULTING SERVICES, INC., by its

attorneys, Anderson + Wanca and Bock & Hatch, LLC, respectfully moves this court, pursuant

to 735 ILCS 5/2-801 et seq., to certify for class action treatment the following classes, as

described in Plaintiff's Class Action Complaint:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendants, (3) from whom Defendants
> did not obtain prior express permission or invitation to send those
> faxes, (4) with whom Defendants did not have an established
> business relationship, and (5) which did not display a proper opt
> out notice.

> All persons who on or after a date five years prior to the filing of
> this action, were sent telephone facsimile messages by or on behalf
> of Defendants.

> All persons in Illinois who on or after a date three years prior to the
> filing of this action, were sent telephone facsimile messages by or
> on behalf of Defendants.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, QUALITY MANAGEMENT AND CONSULTING

SERVICES, INC., prays that this court enter an order pursuant to 735 ILCS 5/2-801 certifying

for class treatment the classes set forth herein.

Respectfully submitted,

QUALITY MANAGEMENT AND CONSULTING
SERVICES, INC., individually, and as the
representative for a class of similarly-situated
persons

By: _____
One of the Attorneys for Plaintiff

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
Firm I.D. No.: 51306

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle St., #1000
Chicago, IL 60602
Telephone: 312/658-5500
Fax: 312/658-5500
Firm I.D. No.: 44533

# **<u>Exhibit B</u>**

2120 - Served 2121 - Served
2220 - Not Served 2221 - Not Served
2320 - Served By Mail 2321 - Served By Mail
2420 - Served By Publication 2421 - Served By Publication
SUMMONS ALIAS - SUMMONS    **(2/28/11) CCG N001**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

2011 CH 29093
CALENDAR/ROOM 02
TIME 00:00
Class Action

No. _____

QUALITY MANAGEMENT AND CONSULTING SERVICES, INC.

(Name all parties)

Serve: United Corporate Services, Inc.,

Registered Agent of Defendants

1 W. Old Capitol Plz #805 Springfield IL

v.

SAR ORLAND FOOD INC., SAR MARKETPLACE FOOD INC.

⊙ SUMMONS ○ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⊙ Richard J. Daley Center, 50 W. Washington, Room ___802___, Chicago, Illinois 60602

○ District 2 - Skokie  ○ District 3 - Rolling Meadows  ○ District 4 - Maywood
 5600 Old Orchard Rd.   2121 Euclid      1500 Maybrook Ave.
 Skokie, IL 60077    Rolling Meadows, IL 60008  Maywood, IL 60153

○ District 5 - Bridgeview  ○ District 6 - Markham   ○ Child Support
 10220 S. 76th Ave.    16501 S. Kedzie Pkwy.   28 North Clark St., Room 200
 Bridgeview, IL 60455   Markham, IL 60428    Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 51306        WITNESS, _____

Name: Brian J. Wanca / Anderson + Wanca  DOROTHY BROWN AUG 17 2011

Atty. for: Plaintiff

Address: 3701 Algonquin Road, Suite 760     **Clerk of Court**

City/State/Zip: Rolling Meadows, IL 60008

Telephone: 847/368-1500     Date of service: _____
             (To be inserted by officer on copy left with defendant
             or other person)

Service by Facsimile Transmission will be accepted at: _____
         (Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| QUALITY MANAGEMENT AND CONSULTING SERVICES, INC., individually and as the representative of a class of similarly-situated persons, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   Case No.:<br>) |
| SAR ORLAND FOOD INC., SAR MARKETPLACE FOOD INC., and JOHN DOES 1-10, | )<br>)<br>) |
| Defendants. | )<br>) |

## CLASS ACTION COMPLAINT

Plaintiff, QUALITY MANAGEMENT AND CONSULTING SERVICES, INC. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, SAR ORLAND FOOD INC., SAR MARKETPLACE FOOD INC., and JOHN DOES 1-10 ("Defendants"):

## PRELIMINARY STATEMENT

1.     This case challenges Defendants' practice of faxing unsolicited advertisements.

2.     The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission.  The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.     Unsolicited faxes damage their recipients.  A junk fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that

would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.       On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.       Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.       Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants has transacted business and committed tortious acts related to the matters complained of herein.

7.       Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Cook County, Illinois.

8.       Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.       Plaintiff, QUALITY MANAGEMENT AND CONSULTING SERVICES, INC., is an Illinois corporation with its principal place of business in Cook County, Illinois.

10.       On information and belief, Defendants, SAR ORLAND FOOD INC. and SAR MARKETPLACE FOOD INC, are Illinois corporations that own and operate the Sarku Japan

2

restaurant in Schaumburg, Illinois. John Does 1-10 will be identified in discovery but are not presently known.

## FACTS

11.   On or about June 20-21, 2011, July 11, 2011 and July 17, 2011, Defendants transmitted by telephone facsimile machine three facsimiles to Plaintiff. Copies of the three facsimiles are attached hereto as Exhibit A.

12.   Defendants created or made Exhibit A which is a good or product which Defendants distributed to Plaintiff and the other members of the class.

13.   Exhibit A is a part of Defendants' work or operations to market Defendants' goods or services which was performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

14.   Plaintiff had not invited or given permission to Defendants to send faxes.

15.   There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

16.   On information and belief, Defendants faxed the same or similar unsolicited facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

17.   Defendants' facsimiles did not display a proper opt out notice as required by 64 C.F.R. 1200.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

18.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

19. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain prior express permission or invitation to send those faxes, (4) with whom Defendants did not have an established business relationship, and (5) which did not display a proper opt out notice.

20. A class action is warranted because:

(a) On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i) Whether Defendants sent unsolicited fax advertisements;

(ii) Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

(iii) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv) Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

(v) Whether Defendants violated the provisions of 47 USC § 227;

(vi) Whether Plaintiff and the other class members are entitled to statutory damages;

4

(vii)    Whether Defendants should be enjoined from faxing

advertisements in the future;

(viii)    Whether the Court should award trebled damages; and

(ix)    Whether Exhibit A and Defendants' other advertisements

displayed a proper opt out notice as required by 64 C.F.R. 1200.

21.    Plaintiff will fairly and adequately protect the interests of the other class

members. Plaintiff's counsel are experienced in handling class actions and claims involving

unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse

or in conflict with the absent class members.

22.    A class action is an appropriate method for adjudicating this controversy fairly

and efficiently. The interest of each individual class member in controlling the prosecution of

separate claims is small and individual actions are not economically feasible.

23.    The TCPA prohibits the "use of any telephone facsimile machine, computer or

other device to send an unsolicited advertisement to a telephone facsimile machine...." 47

U.S.C. § 227(b)(1).

24.    The TCPA defines "unsolicited advertisement," as "any material advertising the

commercial availability or quality of any property, goods, or services which is transmitted to any

person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

25.    The TCPA provides:

3.    Private right of action. A person may, if otherwise
permitted by the laws or rules of court of a state, bring in an
appropriate court of that state:

(A)    An action based on a violation of this
subsection or the regulations prescribed under this
subsection to enjoin such violation,

(B)   An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)   Both such actions.

26.   The Court, in its discretion, can treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

27.   Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission and by not displaying a proper opt out notice as required by 64 C.F.R. 1200.

28.   The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

29.   Defendants knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, that Plaintiff and the other class members did not have an established business relationship with Defendants, that Exhibit A and the other advertisements Defendants sent were advertisements, and that Exhibit A and the other advertisements Defendants sent did not display the proper opt out notice as required by 64 C.F.R. 1200.

30.   Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes.  Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' unauthorized faxes.  That time otherwise would have been

6

spent on Plaintiff's business activities. Defendants' unauthorized faxes interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and other class members from the sending of Exhibit A occurred outside Defendants' premises.

31. Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, QUALITY MANAGEMENT AND CONSULTING SERVICES, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, SAR ORLAND FOOD INC., SAR MARKETPLACE FOOD INC, and JOHN DOES 1-10, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500.00 in damages for each violation of the TCPA;

C. That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D. That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

32. Plaintiff incorporates paragraph 3 and paragraphs 6 through 16 as and for its paragraph 32.

33. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who on or after a date five years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants.

34. A class action is proper in that:

(a) On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i) Whether Defendants engaged in a pattern of sending unsolicited faxes;

(ii) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes; and

(iii) Whether Defendants committed the tort of conversion.

35. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving improper business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

36. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

37. By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

38. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

39. By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

40. Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

41. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited faxes from Defendants.

42. Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' unauthorized faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

43. Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machine for Defendants'

9

unauthorized purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unauthorized faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, QUALITY MANAGEMENT AND CONSULTING SERVICES, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, SAR ORLAND FOOD INC., SAR MARKETPLACE FOOD INC, and JOHN DOES 1-10, jointly and severally, as follows:

    A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

    B.     That the Court award appropriate damages;

    C.     That the Court award costs of suit; and

    D.     Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

    44.    Plaintiff incorporates paragraph 3 and paragraphs 6 through 16 as and for its paragraph 44.

    45.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, brings Count III for Defendants' unfair practice of sending unsolicited and unauthorized faxes:

> All persons in Illinois who on or after a date three years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants.

10

46.     A class action is proper in that:

(a)     On information and belief, the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)     Whether Defendants engaged in a pattern of sending unsolicited faxes;

(ii)    The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes;

(iii)   Whether Defendants' practice of sending unsolicited faxes violates Illinois public policy;

(iv)    Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act;

(v)     Whether Defendants should be enjoined from sending unsolicited faxes in the future.

47.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

48.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

11

49.     Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' messages.

50.     Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

51.     Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

52.     Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machine for Defendants' unauthorized purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unauthorized faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, QUALITY MANAGEMENT AND CONSULTING SERVICES, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, SAR ORLAND FOOD INC., SAR MARKETPLACE FOOD INC, and JOHN DOES 1-10, jointly and severally, as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award damages to Plaintiff and the other class members;

C.      That the Court award attorney fees and costs;

D.      That the Court enter an injunction prohibiting Defendants from sending unsolicited faxes to Illinois consumers; and

E.      Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

QUALITY MANAGEMENT AND CONSULTING
SERVICES, INC., individually and as the
representative of a class of similarly-situated
persons

By: _____
One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Firm I.D. No.: 51306

Phillip A. Bock
BOCK & HATCH, LLC
134 N. La Salle St., Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500
Firm I.D. No.: 44533

13

**EXHIBIT A**

*Photocopies Welcome - Share These Fax Coupons*
**with Co – Workers, Friends and Family**

# *Sarku* JAPAN ®      FRESH HAPPENS HERE! 

**1408 East Golf Rd. Schaumberg**
In Woodfield Village Green

## PH: 847-995-0605

**Eat - In
Take - Out**

**HOURS**
Mon - Fri 10:30am - 9pm
Sat 11am - 9pm
Sun 11am - 8pm

**For our FULL MENU go to sarkujapan.com**

| | | |
|---|---|---|
| **CHICKEN TERIYAKI** | 5.69 | |

Served with mixed vegetables and
choice of white, brown rice or noodles
Add Sautéed Shrimp 1.50

**BEEF TERIYAKI**     6.09
Served with mixed vegetables and
choice of white, brown rice or noodles
Add Sautéed Shrimp 1.50

**SHRIMP TERIYAKI**     6.69
Served with mixed vegetables and
choice of white, brown rice or noodles

**VEGETARIAN TOFU TERIYAKI**     5.29
Served with mixed vegetables and
choice of white, brown rice or noodles

**SHRIMP & VEGGIE TEMPURA**     6.69
Served with mixed vegetables and
choice of white, brown rice or noodles

### SUSHI ROLLS

| | |
|---|---|
| California Roll | 3.99 |
| Chicken Teriyaki Roll | 3.99 |
| Avocado & Cucumber Roll | 3.99 |
| Salmon Roll | 3.99 |
| Tuna Roll | 4.49 |
| Philadelphia Roll | 4.49 |
| Spicy Tuna Roll | 4.49 |
| BBQ Eel Roll | 4.49 |

### SUSHI SPECIALTIES

| | |
|---|---|
| Rainbow Roll | 7.99 |
| Spicy Shrimp Tempura Roll | 7.99 |
| Volcano Roll | 7.99 |
| Green Dragon Roll | 7.99 |
| Spider Roll | 7.99 |



**2 for 1**
**California Roll**
**Special**
With Fax Coupon Only
Exp. 07/31/10

**Free Chicken Teriyaki**
with the purchase of a medium drink
**11am - noon, Tuesdays only**
With Fax Coupon Only
Exp. 07/31/10

**$3.99**
**Chicken Teriyaki**
**Special** With the purchase of any
Coca Cola Product
Woodfield Village Green Location Only
With Fax Coupon Only
Exp. 07/31/10

Your Fax Number was obtained from a person in your company and/or from a public source (eg. phone book, web site, ad) in accordance with current FCC Guidelines stated in the Junk Fax Prevention Act of 2005. If you would like to be Deleted from our Fax List, Email the Number to be Deleted to removemvnumberin30@gmail.com or Call 954-720-7687 or Fax 954-450-2050. Sender is required to honor opt out requests within 30 days To FAX Your Flyer, Coupons or Specials to Local Businesses Call 954-649-9932 or 954-471-8762

## Photocopies Welcome - Share These Fax Coupons
### with Co – Workers, Friends and Family

## *Sarku* JAPAN ®

FRESH HAPPENS HERE! 

**1408 East Golf Rd. Schaumberg**
In Woodfield Village Green

## PH: 847-995-0605

| Eat - In | | HOURS |
|---|---|---|
| Take - Out | | Mon - Fri 10:30am - 9pm |
| | | Sat 11am - 9pm |
| | | Sun 11am - 8pm |

### For our FULL MENU go to sarkujapan.com

| | | |
|---|---|---|
| **CHICKEN TERIYAKI** | 5.69 | |
| Served with mixed vegetables and choice of white, brown rice or noodles | | |
| Add Sautéed Shrimp 1.50 | | |
| **BEEF TERIYAKI** | 6.09 | |
| Served with mixed vegetables and choice of white, brown rice or noodles | | |
| Add Sautéed Shrimp 1.50 | | |
| **SHRIMP TERIYAKI** | 6.69 | |
| Served with mixed vegetables and choice of white, brown rice or noodles | | |
| **VEGETARIAN TOFU TERIYAKI** | 5.29 | |
| Served with mixed vegetables and choice of white, brown rice or noodles | | |
| **SHRIMP & VEGGIE TEMPURA** | 6.69 | |
| Served with mixed vegetables and choice of white, brown rice or noodles | | |

### SUSHI ROLLS

| | |
|---|---|
| California Roll | 3.99 |
| Chicken Teriyaki Roll | 3.99 |
| Avocado & Cucumber Roll | 3.99 |
| Salmon Roll | 3.99 |
| Tuna Roll | 4.49 |
| Philadelphia Roll | 4.49 |
| Spicy Tuna Roll | 4.49 |
| BBQ Eel Roll | 4.49 |

### SUSHI SPECIALTIES

| | |
|---|---|
| Rainbow Roll | 7.99 |
| Spicy Shrimp Tempura Roll | 7.99 |
| Volcano Roll | 7.99 |
| Green Dragon Roll | 7.99 |
| Spider Roll | 7.99 |

## 2 for 1
### California Roll Special
With Fax Coupon Only
Exp. 07/31/11

## Free Chicken Teriyaki
with the purchase of a medium drink
11am - noon, Tuesdays only
With Fax Coupon Only
Exp. 07/31/11

## $3.99
### Chicken Teriyaki Special
With the purchase of any Coca Cola Product
Woodfield Village Green Location Only
With Fax Coupon Only
Exp. 07/31/11

Your Fax Number was obtained from a person in your company and/or from a public source (eg. phone book, web site, ad) in accordance with current FCC Guidelines stated in the Junk Fax Prevention Act of 2005. If you would like to be Deleted from our Fax List, Email the Number to be Deleted to removemynumberin30@gmail.com or Call 954-720-7687 or Fax 954-450-2050. Sender is required to honor opt out requests within 30 days To FAX Your Flyer, Coupons or Specials to Local Businesses Call 954-649-9932 or 954-471-8762

# *Photocopies Welcome - Share These Fax Coupons*

## with Co – Workers, Friends and Family

**Sarku JAPAN** ®

FRESH HAPPENS HERE! 

## 1408 East Golf Rd. Schaumberg
### In Woodfield Village Green

## PH: 847-995-0605

**Eat - In**
**Take - Out**

### HOURS
Mon - Fri 10:30am - 9pm
Sat 11am - 9pm
Sun 11am - 8pm

## For our FULL MENU go to sarkujapan.com

| | | |
|---|---|---|
| **CHICKEN TERIYAKI** | 5.69 | |
| Served with mixed vegetables and choice of white, brown rice or noodles | | |
| Add Sautéed Shrimp 1.50 | | |
| **BEEF TERIYAKI** | 6.09 | |
| Served with mixed vegetables and choice of white, brown rice or noodles | | |
| Add Sautéed Shrimp 1.50 | | |
| **SHRIMP TERIYAKI** | 6.69 | |
| Served with mixed vegetables and choice of white, brown rice or noodles | | |
| **VEGETARIAN TOFU TERIYAKI** | 5.29 | |
| Served with mixed vegetables and choice of white, brown rice or noodles | | |
| **SHRIMP & VEGGIE TEMPURA** | 6.69 | |
| Served with mixed vegetables and choice of white, brown rice or noodles | | |

### SUSHI ROLLS

| | |
|---|---|
| California Roll | 3.99 |
| Chicken Teriyaki Roll | 3.99 |
| Avocado & Cucumber Roll | 3.99 |
| Salmon Roll | 3.99 |
| Tuna Roll | 4.49 |
| Philadelphia Roll | 4.49 |
| Spicy Tuna Roll | 4.49 |
| BBQ Eel Roll | 4.49 |

### SUSHI SPECIALTIES

| | |
|---|---|
| Rainbow Roll | 7.99 |
| Spicy Shrimp Tempura Roll | 7.99 |
| Volcano Roll | 7.99 |
| Green Dragon Roll | 7.99 |
| Spider Roll | 7.99 |



# 2 for 1
## California Roll Special
With Fax Coupon Only
Exp. 07/31/11

# Free Chicken Teriyaki
with the purchase of a medium drink
11am - noon, Tuesdays only.
With Fax Coupon Only
Exp. 07/31/11

# $3.99
## Chicken Teriyaki Special
With the purchase of any Coca Cola Product
Woodfield Village Green Location Only
With Fax Coupon Only
Exp. 07/31/11

Your Fax Number was obtained from a person in your company and/or from a public source (eg. phone book, web site, ad) in accordance with current FCC Guidelines stated in the Junk Fax Prevention Act of 2005. If you would like to be Deleted from our Fax List, Email the Number to be Deleted to removemynumberin30@gmail.com or Call 954-720-7687 or Fax 954-450-2050. Sender is required to honor opt out requests within 30 days To FAX Your Flyer, Coupons or Specials to Local Businesses Call 954-649-9932 or 954-471-8762

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

QUALITY MANAGEMENT AND CONSULTING
SERVICES, INC., individually and as the
representative of a class of similarly-situated persons,

             Plaintiff,

      v.

SAR ORLAND FOOD INC., SAR MARKETPLACE
FOOD INC., and JOHN DOES 1-10,

             Defendants.

2011CH29093
CALENDAR/ROOM 02
TIME 00:00
Class Action

Case No.:

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, QUALITY MANAGEMENT AND CONSULTING SERVICES, INC., by its

attorneys, Anderson + Wanca and Bock & Hatch, LLC, respectfully moves this court, pursuant

to 735 ILCS 5/2-801 et seq., to certify for class action treatment the following classes, as

described in Plaintiff's Class Action Complaint:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendants, (3) from whom Defendants
> did not obtain prior express permission or invitation to send those
> faxes, (4) with whom Defendants did not have an established
> business relationship, and (5) which did not display a proper opt
> out notice.

> All persons who on or after a date five years prior to the filing of
> this action, were sent telephone facsimile messages by or on behalf
> of Defendants.

> All persons in Illinois who on or after a date three years prior to the
> filing of this action, were sent telephone facsimile messages by or
> on behalf of Defendants.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, QUALITY MANAGEMENT AND CONSULTING

SERVICES, INC., prays that this court enter an order pursuant to 735 ILCS 5/2-801 certifying

for class treatment the classes set forth herein.

Respectfully submitted,

QUALITY MANAGEMENT AND CONSULTING
SERVICES, INC., individually, and as the
representative for a class of similarly-situated
persons

By: _____
One of the Attorneys for Plaintiff

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
Firm I.D. No.: 51306

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle St., #1000
Chicago, IL 60602
Telephone: 312/658-5500
Fax: 312/658-5500
Firm I.D. No.: 44533

2