IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

QUALITY MANAGEMENT AND
CONSULTING SERVICES, INC.,
individually and as the representative of a class
of similarly-situated persons,

        Plaintiffs,

v.

SAR ORLAND FOOD INC., SAR
MARKETPLACE FOOD INC., and JOHN
DOES 1-10,

        Defendants.

No.  1:11-cv-06791

**DEFENDANTS DEMAND
A TRIAL BY JURY**

**SAR ORLAND FOOD INC.'S AND SAR MARKETPLACE
FOOD INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO
COUNT ONE OF PLAINTIFF'S CLASS ACTION COMPLAINT**

NOW COME SAR Orland Food Inc. and SAR Marketplace Food Inc. ("Defendants"), by

and through their counsel, as their Answer and Affirmative Defenses to Count I of Plaintiff's

Class Action Complaint ("Complaint"), state as follows:[1]

## PRELIMINARY STATEMENT

**ALLEGATION NO. 1:**

This case challenges Defendants' practice of faxing unsolicited advertisements.

**ANSWER:**

Defendants admit that this case is brought based on allegations that Defendants engage in

a practice of faxing unsolicited advertisements.  Defendants deny that they, in fact, employ a

---

[1] On October 4, 2011, Defendants moved to dismiss Counts II and III of the Complaint.  [Docket # 8.]
That motion remains pending before the Court.

practice of faxing unsolicited advertisements.  Defendants deny the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

## ALLEGATION NO. 2:

The federal Telephone Consumer Protection Act; 47 USC § 2275 prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The TCPA provides a private right of action and provides statutory damages of $500 per violation.

## ANSWER:

Defendants admit that the TCPA exists.  Defendants refer to the specific provisions of the TCPA and deny any allegations of Paragraph 2 of Plaintiff's Complaint inconsistent therewith. Defendants deny any remaining allegations set forth in Paragraph 2 of Plaintiff's Complaint.

## ALLEGATION NO. 3:

Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.  A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

## ANSWER:

Defendants deny the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

## ALLEGATION NO. 4:

On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

## ANSWER:

Defendants admit that Plaintiff attempts to bring this case as a class action.  Defendants deny that certification of a class is appropriate in this case, and further deny liability under any of the claims Plaintiff attempts to assert against Defendants.  Defendants deny any remaining allegations set forth in Paragraph 4 of Plaintiff's Complaint.

-2-

**ALLEGATION NO. 5:**

Plaintiff seeks an award of statutory damages for each violation of the TCPA.

**ANSWER:**

Defendants admit that Plaintiff seeks statutory damages for alleged violations of the TCPA. Defendants deny liability under the TCPA and, therefore, deny that Plaintiff, or any member of the putative class, is entitled to an award of damages. Defendants deny any remaining allegations set forth in Paragraph 5 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

**ALLEGATION NO. 6:**

Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants has transacted business and committed tortious acts related to the matters complained of herein.

**ANSWER:**

Defendants admit that, pursuant to 735 ILCS 5/2-209, the Circuit Court of Cook County, Illinois had jurisdiction with respect to Plaintiff's Complaint. Defendants affirmatively state that Defendants removed the action to this Court, and that jurisdiction before this Court exists pursuant to 28 U.S.C. §§ 1441, 1446, 1453 and 1367. Defendants deny any remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint.

**ALLEGATION NO. 7:**

Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Cook County, Illinois.

**ANSWER:**

Defendants admit that, pursuant to 735 ILCS 5/2-101, *et seq.*, venue was proper in Cook County regarding Plaintiff's Complaint. Defendants affirmatively state that venue and personal jurisdiction are proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391. Defendants deny any remaining allegations set forth in Paragraph 7 of Plaintiff's Complaint.

-3-

**ALLEGATION NO. 8:**

Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

**ANSWER:**

Defendants admit that Plaintiff denies that a federal question exists and that Plaintiff expressly disclaims recovery by itself, or any member of the putative class, in excess of $75,000.00, inclusive of all forms of damages and fees. Defendants deny any remaining allegations set forth in Paragraph 8 of Plaintiff's Complaint, and affirmatively state that jurisdiction in this Court is proper.

**PARTIES**

**ALLEGATION NO. 9:**

Plaintiff, QUALITY MANAGEMENT AND CONSULTING SERVICES, INC., is an Illinois corporation with its principal place of business in Cook County, Illinois.

**ANSWER:**

Upon information and belief, Defendants admit that Plaintiff is an Illinois Corporation with its principal place of business in Cook County, Illinois. Defendants deny any remaining allegations set forth in Paragraph 9 of Plaintiff's Complaint.

**ALLEGATION NO. 10:**

On information and belief, Defendants, SAR ORLAND FOOD INC. and SAR MARKETPLACE FOOD INC., are Illinois corporations that own and operate the Sarku Japan restaurant in Schaumburg, Illinois. John Does 1-10 will be identified in discovery but are not presently known.

**ANSWER:**

Defendants admit that they are Illinois corporations and that, at certain times relevant to the Complaint, SAR Orland Food Inc. owned and operated a Sarku Japan restaurant in

Schaumburg, Illinois. Defendants deny that SAR Marketplace Food Inc. owned or operated a Sarku Japan restaurant in Schaumburg, Illinois, during the times relevant to the Complaint. Defendants make no response to the allegations contained in Paragraph 10 as they relate to Defendants John Does 1-10. To the extent any allegations regarding John Does 1-10 are directed against Defendants, its employees or agents, said allegations are denied. Defendants deny any remaining allegations set forth in Paragraph 10 of Plaintiff's Complaint.

## FACTS

### ALLEGATION NO. 11:

On or about June 20-21, 2011, July 11, 2011 and July 17, 2011, Defendants transmitted by telephone facsimile machine three facsimiles to Plaintiff. Copies of the three facsimiles are attached hereto as. Exhibit A.

### ANSWER:

Defendants admit that, on or about June 20-21, 2011, July 11, 2011 and July 17, 2011, the three facsimiles attached as Exhibit A to Plaintiff's Complaint were sent to Plaintiff by telephone facsimile machine. Defendants are without sufficient information to form a belief as to whether, or on what date, Plaintiff received the facsimiles attached as Exhibit A to Plaintiff's Complaint. Defendants deny any remaining allegations set forth in Paragraph 11 of Plaintiff's Complaint.

### ALLEGATION NO. 12:

Defendants created or made Exhibit A which is a good or product which Defendants distributed to Plaintiff and the other members of the class.

### ANSWER:

Defendants admit that they participated in the creation of Exhibit A to Plaintiff's Complaint and that, at various times relevant to the Complaint, Exhibit A related to a good or

product of SAR Orland Food Inc. Defendants deny any remaining allegations set forth in Paragraph 12 of Plaintiff's Complaint.

## ALLEGATION NO. 13:

Exhibit A is a part of Defendants' work or operations to market Defendants' goods or services which was performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

## ANSWER:

Defendants admit that the three facsimiles attached as Exhibit A to Plaintiff's Complaint constitute material furnished in connection with SAR Orland Food Inc.'s work or operations. Defendants deny any remaining allegations set forth in Paragraph 13 of Plaintiff's Complaint.

## ALLEGATION NO. 14:

Plaintiff had not invited or given permission to Defendants to send faxes.

## ANSWER:

Defendants deny the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

## ALLEGATION NO. 15:

There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## ANSWER:

Defendants are without sufficient information to form a belief as to whether Plaintiff's facsimile machines, or the facsimile machines of others, must be left on and ready to receive communications. Defendants deny any remaining allegations set forth in Paragraph 15 of Plaintiff's Complaint.

## ALLEGATION NO. 16:

On information and belief, Defendants faxed the same or similar unsolicited facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

**ANSWER:**

Defendants admit that, on information and belief, Exhibit A to the Complaint was transmitted to more than thirty-nine (39) other persons in Illinois. Defendants deny any remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

**ALLEGATION NO. 17:**

Defendants' facsimiles did not display a proper opt out notice as required by 64 C.F.R. 1200.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227**

**ALLEGATION NO. 18:**

Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

**ANSWER:**

Defendants incorporate the preceding answers in Paragraphs 1-17 as and for their answer to Paragraph 18 of Plaintiff's Complaint.

**ALLEGATION NO. 19:**

In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain prior express permission or invitation to send those faxes, (4) with whom Defendants did not have an established business relationship, and (5) which did not display a proper opt out notice.

**ANSWER:**

Defendants admit that Plaintiff attempts to bring a putative class action on behalf of the persons or entities identified in Paragraph 19 of Plaintiff's Complaint. Defendants deny that

such a class should be certified. Defendants deny the remaining allegations set forth in Paragraph 19 of Plaintiff's Complaint.

## ALLEGATION NO. 20:

A class action is warranted because:

(a)     On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

    (i)     Whether Defendants sent unsolicited fax advertisements;

    (ii)     Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

    (iii)     The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

    (iv)     Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

    (v)     Whether Defendants violated the provisions of 47 USC § 227;

    (vi)     Whether Plaintiff and the other class members are entitled to statutory damages;

    (vii)     Whether Defendants should be enjoined from faxing advertisements in the future;

    (viii)     Whether the Court should award trebled damages; and

    (ix)     Whether Exhibit A and Defendants' other advertisements displayed a proper opt out notice as required by 64 C.F.R. 1200.

## ANSWER:

Defendants deny the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

## ALLEGATION NO. 21:

Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

**ANSWER:**

Defendants are without sufficient information to form a belief as to whether Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes, or whether Plaintiff's counsel has any interests adverse to, or in conflict with, the absent class members.  Defendants deny any remaining allegations set forth in Paragraph 21 of Plaintiff's Complaint.

**ALLEGATION NO. 22:**

A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

**ALLEGATION NO. 23:**

The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(l).

**ANSWER:**

Defendants refer to the specific provisions of the TCPA and deny any allegations of Paragraph 23 of Plaintiff's Complaint inconsistent therewith.  Defendants deny any remaining allegations set forth in Paragraph 23 of Plaintiff's Complaint.

**ALLEGATION NO. 24:**

The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

**ANSWER:**

Defendants refer to the specific provisions of the TCPA and deny any allegations of Paragraph 24 of Plaintiff's Complaint inconsistent therewith. Defendants deny any remaining allegations set forth in Paragraph 24 of Plaintiff's Complaint.

**ALLEGATION NO. 25:**

The TCPA provides:

3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) Both such actions.

**ANSWER:**

Defendants refer to the specific provisions of the TCPA and deny any allegations of Paragraph 25 of Plaintiff's Complaint inconsistent therewith. Defendants deny any remaining allegations set forth in Paragraph 25 of Plaintiff's Complaint.

**ALLEGATION NO. 26:**

The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

**ANSWER:**

Defendants refer to the specific provisions of the TCPA and deny any allegations of Paragraph 26 of Plaintiff's Complaint inconsistent therewith. Defendants deny any remaining allegations set forth in Paragraph 26 of Plaintiff's Complaint.

Case: 1:11-cv-06791 Document #: 18 Filed: 10/25/11 Page 11 of 14 PageID #:139

**ALLEGATION NO. 27:**

Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission and by not displaying a proper opt out notice as required by 64 C.F.R. 1200.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

**ALLEGATION NO. 28:**

The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

**ANSWER:**

Defendants refer to the specific provisions of the TCPA and deny any allegations of Paragraph 28 of Plaintiff's Complaint inconsistent therewith. Defendants deny any remaining allegations set forth in Paragraph 28 of Plaintiff's Complaint.

**ALLEGATION NO. 29:**

Defendants knew or should have known that: Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, that Plaintiff and the other class members did not have an established business relationship with Defendants, that Exhibit A and the other advertisements Defendants sent were advertisements, and that Exhibit A and the other advertisements Defendants sent did not display the proper opt out notice as required by 64 C.F.R. 1200.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

**ALLEGATION NO. 30:**

Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' unauthorized faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' unauthorized faxes interrupted Plaintiff s and the other class members' privacy interests in being left alone. Finally, the injury and property

-11-

damage sustained by Plaintiff and other class members from the sending of Exhibit A occurred outside Defendants' premises.

**ANSWER:**

Defendants admit that Plaintiff claims that the alleged damage sustained by Plaintiff and other putative class members occurred outside Defendants' premises. Defendants deny any remaining allegations set forth in Paragraph 30 of Plaintiff's Complaint.

**ALLEGATION NO. 31:**

Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

**ANSWER:**

Defendants refer to the specific provisions of the TCPA and deny any allegations of Paragraph 31 of Plaintiff's Complaint inconsistent therewith. Defendants deny any remaining allegations set forth in Paragraph 31 of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

Without prejudice to Plaintiff's obligations to prove each and every element of its claims, Defendants hereby set forth the following Affirmative Defenses:

1. Plaintiff's Complaint fails to state a claim.

2. Defendants have not violated the terms of the TCPA because, among other reasons, Defendants had an established business relationship with Plaintiff and/or members of the putative class alleged in Plaintiff's Complaint.

3. The facsimiles attached to Plaintiff's Complaint contain the opt-out language required by the TCPA.

4. Defendants have otherwise complied with the requirements of the TCPA.

-12-

**Defendants Demand a Trial By Jury.**

Respectfully submitted,

SAR ORLAND FOOD INC. and SAR
MARKETPLACE FOOD INC.

By:   s/ Brian W. Ledebuhr
      One of Their Attorneys

Thomas P. Cimino, Jr.
Brian W. Ledebuhr
VEDDER PRICE P.C.
222 North LaSalle Street
Suite 2600
Chicago, Illinois  60601-1003
(312) 609-7500

Dated:  October 25, 2011

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that I electronically filed the foregoing **SAR ORLAND FOOD INC.'S AND SAR MARKETPLACE FOOD INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNT ONE OF PLAINTIFF'S CLASS ACTION COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following:

| | |
|---|---|
| Brian J. Wanca, Esq. | Philip A. Bock |
| Ryan M. Kelly, Esq. | Louis Carey Ludwig |
| Anderson + Wanca | Bock & Hatch, LLC |
| 3701 Algonquin Road, Suite 760 | 134 N. LaSalle Street |
| Rolling Meadows, IL  60008 | Suite 1000 |
| | Chicago, IL  60602 |

on October 25, 2011.

_____s/Brian W. Ledebuhr_____

-14-