UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUALITY MANAGEMENT AND CONSULTING SERVICES, INC. | )<br>)<br>) |
| Plaintiff, | ) No. 11 CV 06791<br>) |
| v. | )<br>) Judge Edmond E. Chang |
| SAR ORLAND FOOD INC., and SAR MARKETPLACE FOOD INC, | )<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On behalf of itself and similarly-situated persons, Quality Management and Consulting Services brings this suit against SAR Orland Food Inc. and SAR Marketplace Food (collectively, SAR), alleging that the defendants sent unsolicited fax advertisements in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2, *et seq.* R. 5.[1] Quality Management also attempts to state a claim for the common law tort of conversion. *Id.* SAR moves to dismiss the conversion (Count 2) and Fraud Act (Count 3) claims pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 9. The Court grants the motion, as explained below.

**I.**

In evaluating the motion to dismiss, we accept Quality Management's allegations as true and draw reasonable inferences in its favor. *Ashcroft v. al-Kidd*, –

---

[1]This Court has federal question jurisdiction over the Telephone Consumer Protection Act, and supplemental jurisdiction over the related state law claims.

U.S. –, 131 S. Ct. 2074, 2079 (2011). In June and July 2011, Quality Management received three unsolicited faxes from SAR marketing SAR's goods or services. R. 1 ¶¶ 11-14. Quality Management alleges, on information and belief, that SAR sent the same or similar unsolicited faxes to more than thirty-nine other recipients. *Id.* ¶ 16. None of these faxes displayed the proper opt-out notice required by the Telephone Consumer Protection Act. *Id.* ¶ 17.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. v. Twombly,* 550 U.S. 544, 555 (2007).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And the allegations that are entitled to

2

the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal,* 556 U.S. at 679.

### III.

Quality Management argues that SAR improperly converted Quality Management's own (and, if the case is certified as a class, other class members') fax machines, toner, paper, and employees' time by sending unsolicited faxes, appropriating these resources for SAR's own gain. R. 1 at 9. To state a claim for common law conversion in Illinois, a plaintiff must allege that "(1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Cirrincione v. Johnson,* 703 N.E.2d 67, 70 (Ill. 1998). In support of their motion to dismiss, SAR argues that this conversion claim is not actionable because the alleged damages are *de minimis*, that is, the damages are just too small to warrant treatment in the judicial system. R. 9 at 4. The Court agrees.

There is a split in this District over whether the damages arising from receiving a small number of unsolicited faxes is sufficient to overcome the doctrine of *de minimis non curat lex*, or "the law does not concern itself with trifles." *Old Town Pizza of Lombard, Inc. v. Corfu-Tasty Gyro's Inc.*, Case No. 11-cv-6959, 2012 WL 638765, at *2-3 (N.D. Ill. Feb. 23, 2012). There is currently no controlling Seventh Circuit precedent on this question, *id.* at *2, but this Court finds persuasive the reasoning of cases that have barred similar claims because of the *de minimis* damages.

3

The facts in this case are identical to those in *Old Town Pizza of Lombard, Inc. v. Corfu-Tasty Gyro's Inc.*, this District's most recent decision on this question, except *Old Town Pizza* involved only one alleged fax. *Id.* at *1. The Court agrees with *Old Town Pizza*'s conclusion that "[t]he severity of the interference, the inconvenience, and the expense Plaintiff alleges to have suffered is trivial and insufficient to support a conversion claim." *Id.* at *3. The result is the same even though Quality Management received two additional faxes: even taken together, the loss of ink, paper, and toner remains minuscule.

To be sure, there are cases in this District that reject applying the *de minimis* doctrine to bar similar claims. The Court disagrees with those cases for two reasons. First, some cases aggregate the potential damages by considering class-wide damages. *E.g., Brodsky v. HumanaDental Ins. Co.*, No. 10-C-3233, 2011 WL 529302, at *7 (N.D. Ill. Feb. 8, 2011); *Centerline Equipment Corp. v. Banner Personnel Service, Inc.*, 545 F. Supp. 2d 768, 782 (N.D. Ill. 2008). But that puts the cart before the horse. If a claim is legally insufficient due to *de minimis* damages, then aggregating that claim as a class should have no effect on the threshold question of the legal sufficiency of the claim. To illustrate this point, imagine that an Illinois law created a statutory cause of action for converting fax paper, but the statute required that the 'victim' of the junk fax suffer at least $10 in damages in order to bring suit. Could ten victims who each suffered only $1 in damages file a lawsuit as a class action and successfully state a claim because, in the aggregate, they suffered $10? The answer should be no: if each putative plaintiff does not state a claim alone, then they do not state a claim as a class.

In other words, a class action is a *procedural* vehicle for litigating the claims of many persons, not a vehicle for *substantively* modifying the merits of the claims themselves. So it is a mistake to consider the alleged damages of the proposed class in the aggregate when determining whether the conversion claim fails in light of *de minimis* damages. *Stonecrafters, Inc. v. Foxfire Printing and Packaging*, 633 F. Supp.2d 610, 614 (N.D. Ill. 2009) (citing *Chambers v. Am. Trans Air, Inc.*, 17 F.3d 998, 1006 (7th Cir.1994)). Therefore, the Court is limited to considering Quality Management's own damages at this stage and concludes that whatever damages it may have experienced from receiving three faxes against its will are too trivial to support a cause of action.

Courts that reject application of the *de minimis* bar also cite the availability of nominal damages for conversion claims. *Centerline*, 545 F. Supp. 2d at 782. But this view seems to mistakenly conflate *de minimis* damages with nominal damages. As explained by *Stonecrafters*, nominal damages and *de minimis* damages are two distinct concepts. 633 F. Supp.2d at 614. Nominal damages are available when there is a violation of sufficient gravity, but significant damages cannot be proved with sufficient specificity. *Id*. For example, nominal damages may be awarded if a defendant converted a plaintiff's antique coin collection and later returned it: although the plaintiff may not be able to show any actual damages from the time when the collection was missing, there was sufficient injury to warrant a judgment against the defendant. *Id*. The *de minimis* doctrine, on the other hand, applies to "claims in which the plaintiff has suffered no more than negligible damages from the beginning." *Id*. In other words, it is *not* the case that there is any particular difficulty in quantifying the damages

caused by unsolicited faxes, such that one must turn to nominal damages; it is possible to quantify the cost of 3 sheets of paper, a little bit of toner, and the few seconds of employee time expended in discarding the unwanted faxes. What applies here are *de minimis* damages, not nominal damages. Because the alleged receipt of three unwanted faxes caused only *de minimis* damages, Count 2 is dismissed.[2]

## IV.

SAR also argues that Quality Management's Fraud Act claim should be dismissed because their conduct does not amount to an unfair practice. R. 9 at 6-7. The Fraud Act prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices . . . in the conduct of any trade or commerce . . . ." 815 ILCS § 505/2. Quality Management only alleges that SAR's sending of three unsolicited faxes was unfair, not that it was deceptive. R. 1 ¶¶ 45, 49-50.

Courts consider three factors in determining whether conduct is unfair under the Fraud Act: "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers." *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d

---

[2]It is worth noting that SAR also argues, without much development, that ink, toner, paper, and employee time do not qualify as "specific chattels" necessary to state a claim for conversion. R. 9 at 4 n. 5. To the contrary, ink, toner, and paper can be the subjects of conversion claims even if defendants do not take actual possession of them. *G.M. Sign, Inc. v. Stergo*, 681 F. Supp.2d 929, 932 (N.D. Ill. 2009). Only employee time cannot be the subject of a conversion claim. *Id.*; *see also Stonecrafters*, 633 F. Supp.2d at 613; *Brodsky*, 2011 WL 529302, at *7.

6

951, 961 (Ill. 2002). "A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Id*.

Sending unsolicited faxes violates public policy and SAR does not argue otherwise. R. 9 at 7-8. After all, the practice is illegal under the Telephone Consumer Protection Act and is even a petty offense under Illinois law. 720 ILCS 5/26-3. Therefore, the first factor clearly weighs in Quality Management's favor.

But courts in this District are split as to the second and third factors. *Compare Old Town Pizza*, 2012 WL 638765, at *5-6 (holding both factors weighed sufficiently in the defendant's favor); *Stonecrafters*, 633 F. Supp.2d at 616 (same) *with Brodsky*, 2011 WL 529302, at *9 (holding that the plaintiff sufficiently satisfied all three factors); *Centerline Equipment Corp.*, 545 F. Supp. 2d at 780-81 (same). This Court again agrees with the reasoning of *Old Town Pizza* and *Stonecrafters*.

On the second factor, sending three unsolicited faxes does not constitute the required type of immoral, unethical, oppressive, or unscrupulous conduct typically addressed by the Fraud Act. Conduct qualifies as oppressive under the Fraud Act when it deprives the plaintiff of meaningful choice. *Robinson*, 775 N.E.2d at 962. It is true that these faxes deprived Quality Management of choice to some degree: it was forced to receive the unsolicited faxes. *Old Town Pizza*, 2012 WL 638765, at *5 (recognizing this argument from *Centerline*, 545 F. Supp. 2d at 780). However, the burden on Quality Management from receiving three faxes is so minimal, as explained above, that it was not deprived of a choice in such a way that SAR could be said to have engaged in *oppressive* conduct. *Id.; see also Stonecrafters*, 633 F. Supp. at 616-17. To be sure,

7

one can readily imagine a case where a steady stream of unwanted faxes rises to the level of oppressive conduct. But 3 faxes on 3 separate days spread over 4 weeks is not that case. Nor do the unwanted faxes rise to a level of immoral, unethical, or unscrupulous conduct that would otherwise shift the balance of this second factor in Quality Management's favor. Therefore, while Quality Management was deprived of some choice, the second factor tilts slightly in favor of defendants' argument that their conduct was not unfair under the ICFA.

The third factor, whether the practice caused substantial injury, is the most decisive. "A practice causes substantial injury to consumers if it causes significant harm to the plaintiff and has the potential to cause injury to a large number of consumers." *Stonecrafters*, 633 F. Supp. at 617. The earlier discussion regarding the applicability of the *de minimis* doctrine applies equally here. As explained above, Quality Management has not adequately alleged that the three faxes caused it significant harm. Even if aggregate damages to the class as a whole can be considered for this third factor, the actual damages remain insignificant. Quality Management alleges that 39 or more other class members received the same or similar faxes. R. 1 ¶ 16. The harm to each class member, however, arising from three faxes is only pennies; even in the aggregate it is unlikely that damages total $20. *Stonecrafters,* 633 F. Supp. at 617. This level of intrusion, spread across over (allegedly) 40 potential plaintiffs does not cause significant harm. *Old Town Pizza*, 2012 WL 638765, at *5; *see also Rossario's Fine Jewelry v. Paddock Publications, Inc.*, 443 F. Supp. 2d 976, 979 (N.D. Ill. 2006). Therefore, this third factor weighs strongly in favor of the defendants.

Taking the three factors together, Quality Management has failed to state a claim under the Fraud Act. Therefore, Count 3 is dismissed.

V.

The Court grants SAR's motion to dismiss Counts 2 and 3. The Telephone Consumer Protection Act claim (Count 1) remains in the case, as SAR did not move to dismiss that claim. The status hearing of August 22, 2012, at 8:30 a.m. remains as scheduled.

ENTERED:

_____
Honorable Edmond E. Chang
United States District Judge

DATE: June 11, 2012